IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51063
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIM NEWTON BARR;
HAROLD EUGENE PAYNE,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CR-46-1
- - - - - - - - - -
October 13, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellants appeal their convictions for conspiracy to possess with intent to distribute methamphetamine. Jim Newton Barr argues that the district court abused its discretion in denying his motion for a redetermination of his competency given that he had attempted suicide, the district court abused its discretion in refusing to permit lay testimony regarding Barr's sanity at the time of the offense, the district court erred in holding him accountable for more than three kilograms of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine, and the district court erred in denying Barr a mistrial after testimony that had been ruled inadmissible was admitted. Harold Eugene Payne argues that the district court plainly erred in failing to instruct the jury that evidence of Barr's "bad acts" could not be considered with respect to Payne.

Both Barr and Payne incorporate the argument and authorities of each other's briefs to the extent that they apply. None of the above issues relate to both appellants. Accordingly, the arguments are not subject to adoption. United States v. Harris, 932 F.2d 1529, 1533 (5th Cir. 1991).

Our review of the record and the arguments and authorities convince us that no reversible error was committed. The district court's denial of Barr's motion to reconsider his competency was not clearly arbitrary or unwarranted. United States v. Dockins, 986 F.2d 888, 890 (5th Cir. 1986). Barr failed to preserve error with respect to the admissibility of lay testimony because Barr never asked the court to admit the testimony. United States v. Pecora, 693 F.2d 421, 425 (5th Cir. 1982). The district court's finding with respect to the amount of drugs was not clearly erroneous. United States v. Brito, 136 F.3d 397, 415 (5th Cir.), cert. denied, 118 S. Ct. 1817, 2389 (1998). Barr's conclusional assertion that the jury did not disregard the statements about Barr hitting his girlfriend is insufficient to rebut the presumption that the jury followed the district court's curative instruction. United States v. Olano, 507 U.S. 725, 740-41 (1993). Similarly, Payne has not shown that the need for an additional instruction was so obvious that the court's failure to

provide the instruction affected Payne's substantial rights.

<u>United States v. Prati</u>, 861 F.2d 82, 86 (5th Cir. 1988).

AFFIRMED.